TEXAS & PACIFIC R'Y v. JOHN J. HOWARD.

(No. 823.)

NEGLIGENCE.— A question of fact in each case.

DAMAGES.— A father cannot recover for mental and physical suffering of his infant child.

Appeal from Tarrant county.   Opinion by Watts, J.

Statement.— On the 19th of April, 1882, the plaintiff, John J. Howard, brought this suit against appellant, alleging, in substance, that on the —— day of December, 1881, while he was driving his carriage, containing himself, his wife, Rosa Howard, and his infant daughter across one of the public streets in the city of Fort Worth, one of appellant's trains of cars negligently ran or backed into and against his carriage, whereby he and his wife and daughter were thrown from said carriage and severely injured, causing great pain of body and mind; that his carriage was greatly damaged, and in consequence of said injuries he had been put to much expense for medicines and physicians, and had lost time from his business.   His wife's health had been greatly impaired, whereby he had lost the benefit of her services for a long space of time, all to his great damage of $10,000.   On same day his wife, the said Rosa, joined by her said husband, brought her suit No. 2408 in said court against appellant, alleging substantially that she had been injured as before stated; that she had suffered great pain of body and mind therefrom, and claimed damages to herself of $10,000.   To each of said petitions appellant pleaded the general denial, and a special plea averring that if plaintiffs were injured as stated it was by reason of their own contributory negligence.

At the January term, 1883, of said court, on motion of appellant, said suits were consolidated and by said court ordered to be tried as one suit under the style of John J. Howard and wife v. The Texas & Pacific R'y Co., No. 4207. Cause tried January 26, 1883, and verdict of jury in favor of appellees for $20,000.   Motion for new trial overruled and cause appealed.

Upon the trial below the court instructed the jury as follows: "The ringing of the bell, or the blowing of the whistle only, upon a locomotive attached to a long freight train which is standing with the rear truck just on the west

edge of the street crossing defendant's railroad track, is not such notice to those passing upon the street of an intended backward movement of the train as will absolve the railroad company from the charge of negligence."

OPINION.— In passing public crossings the statute requires that the bell shall be rung or the whistle sounded. A failure to comply with this requirement is, as a matter of law, negligence, and may be so declared by the court in the charge to the jury. T. & P. R'y v. Murphey, 56 Tex., 356; H. & T. C. R'y v. Wilson, 60 Tex., 142. There may be cases where the company's employees might, as a matter of fact, be guilty of culpable negligence at public crossings, notwithstanding they may comply with the statute in reference to ringing the bell or sounding the whistle; but whether or not such negligence exists is a question of fact to be determined from a consideration of the evidence. At these crossings the exercise of prudence is reciprocal — those operating trains must exercise reasonable care in avoiding collision with those passing the track, and so those who cross the track at such places are required to exercise reasonable care to avoid being injured by moving trains. The degree of care required of each is that which a reasonably prudent person would exercise under like circumstances.

While the legislature deemed it necessary for the protection of the public that the signals mentioned should be given, it by no means follows that the employees of the company, in passing public streets and highways, are not required to use other precautionary measures so as to avoid inflicting injury upon others.

Whether, under the circumstances mentioned in the charge, the ringing of the bell or blowing the whistle was or was not sufficient to absolve the company from the charge of negligence, was a question to be determined by the jury upon a consideration of all the evidence directed to that issue.

If, under the same conditions, a reasonably prudent and

cautious person would have used other precautionary meas-
ures, then it was incumbent upon those operating the train
to have done likewise, and a failure in this particular would
constitute negligence.   When considered with reference to
that which precedes as well as that which follows, it clearly
appears that the effect of this charge was to withdraw from
the consideration of the jury that question of fact; that is,
the court in effect declares, as a matter of law, that a com-
pliance with the statute in this case was not sufficient dili-
gence on the part of those operating the train.   This is
made more evident by other portions of the charge, in
which it is said that in such cases "ordinary care would
suggest to the defendant to use all available signals and
warnings to avoid collision at said crossing."   The case of
Eaton v. Erie R'y Co., 51 N. Y., 544, cited in support of the
charge, supports the converse of the proposition insisted on
by appellees.   Bessie Howard, the infant, was not a party
to the suit; and while the father in his own right might
recover compensation for a loss of her services until her
majority, and for expenses incurred on account of the in-
juries, such a recovery would not preclude her from main-
taining an action in her own name for such elements of
damage.   See G., C. & S. F. R'y Co. v. Styron, *ante*, p. 275;
Cooley on Torts, 135, 228.

REVERSED AND REMANDED.